CR 14 - 00667

SCJ/JAG:FTB/BDF
F. #2014R01980

DEARIE, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REYES, M.J

- - - - - - - - - - - - - - - X

INDICTMENT

UNITED STATES OF AMERICA

Cr. No._____

   - against -

(T. 18, U.S.C., §§ 287, 982(a)(7),
1035(a)(1), 1035(a)(2), 1347,
1349, 1519, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

CONRADO DIZON LOPEZ, JR.,

          Defendant.

- - - - - - - - - - - - - - X

2014 DEC 24 AM 11:04

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   Background

    A.   The Medicare and Medicaid Programs

        1.   The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare & Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as "beneficiaries."

        2.   Medicare included coverage under two primary components, hospital insurance ("Medicare Part A") and medical insurance ("Medicare Part B"). Medicare Part B covered the costs of physicians' services and outpatient care, including physical therapy,

1

occupational therapy and diagnostic tests.  Generally, Medicare Part B covered these costs

only if, among other requirements, they were medically necessary, actually rendered, ordered

by a physician and not induced by the payment of remuneration.

3.     The New York State Medicaid Program ("Medicaid") was a federal and

state health care program providing benefits to individuals and families who met financial

and other eligibility requirements.  CMS was responsible for overseeing the Medicaid

program in participating states, including New York.  Individuals who received benefits

under Medicaid were also referred to as "beneficiaries."

4.     Medicaid covered the costs of medical services and products ranging

from routine preventive medical care for children to institutional care for the elderly and

disabled.  Among the specific medical services covered by Medicaid were physical and

occupational therapy.  Generally, Medicaid covered these costs if, among other requirements,

they were medically necessary and ordered by a physician.

5.     Medicare and Medicaid were each a "health care benefit program," as

defined by Title 18, United States Code, Section 24(b).

6.     Medical providers submitted a Medicare Enrollment Application

("Medicare Application") to Medicare to participate in Medicare and submit claims for

reimbursement.  The Medicare Application required a provider to supply Medicare with

information, such as insurance forms, Internal Revenue Service forms and corporate

documents.  In order to receive funds electronically from the Medicare program, providers

also submitted Electronic Funds Transfer Authorization Agreements, which listed bank

accounts in which Medicare would deposit reimbursements.

2

7.   Medical providers certified to participate in Medicare and Medicaid, whether clinics or individuals, were assigned by each program a provider identification number ("PIN") or provider transaction access number ("PTAN") for billing purposes.  After a medical provider rendered a service, the provider was required to use its assigned PIN/PTAN when submitting a claim for reimbursement to Medicare or Medicaid.

8.   Medical providers were authorized to submit claims to Medicare and Medicaid only for services they actually rendered and were required to maintain patient records verifying the provision of services.  By submitting a claim to either Medicare or Medicaid, the provider certified, among other things, that the services were rendered to the patient by the provider and were medically necessary.

9.   Providers submitted to Medicare and Medicaid claims using billing codes, also called current procedural terminology ("CPT") codes, which were numbers referring to specific descriptions of the medical services provided to beneficiaries.

B.   The Defendant and Relevant Entity

10.   The defendant CONRADO DIZON LOPEZ, JR., was a physical therapist licensed to practice physical therapy in New York.  From approximately March 2009 until November 2011, he was the President of Total Rehab and Physical Therapy PC ("Total Rehab"), a New York professional corporation located at 2333 65th Street, Brooklyn, New York, 11204.  Total Rehab operated at that location from approximately March 2009 until November 2011 and was authorized to submit claims to Medicare and Medicaid.  Total Rehab purported to provide, among other things, medically necessary physical therapy, occupational therapy and related medical services to Medicare and Medicaid beneficiaries and submitted claims to Medicare and Medicaid for such services.

3

II.    The Health Care Fraud Scheme

11.    From approximately March 2009 until November 2011, the defendant CONRADO DIZON LOPEZ, JR., together with others, agreed to execute a fraudulent scheme in which they (a) submitted and caused to be submitted claims to Medicare and Medicaid for physical and occupational therapy services that were not medically necessary, not provided and otherwise did not qualify for reimbursement by Medicare and Medicaid and (b) engaged in deceptive acts and contrivances intended to hide information, mislead, avoid suspicion and avert further inquiry into the nature of the services offered at Total Rehab.

12.    The defendant CONRADO DIZON LOPEZ, JR., together with others, submitted and caused to be submitted to Medicare and Medicaid false and fraudulent claims for physical therapy and occupational therapy that were not medically necessary and were not provided.  For example:

(a)    Claims for purported physical and occupational therapy were submitted on behalf of the same patients for months and sometimes years at a time.  This extended physical and occupational therapy was not medically necessary to treat chronic conditions and was not actually provided.

(b)    At Total Rehab, physical and occupational therapy services were performed by aides who were neither licensed nor authorized by law to perform physical or occupational therapy.  Under Medicare and Medicaid, physical and occupational therapy services are only reimbursable if they are performed by a licensed physical therapist, or a licensed physical therapist assistant directly supervised by a licensed physical therapist.

13.    The defendant CONRADO DIZON LOPEZ, JR., together with a coconspirator, an individual whose identity is known to the Grand Jury, and others,

4

submitted false and fraudulent claims to Medicare and Medicaid indicating, through the use of CPT codes, that certain procedures had been performed by physical therapists and occupational therapists at Total Rehab. In fact, those professionals did not perform those procedures and, on many occasions, those professionals were not working at Total Rehab on the days the procedures purportedly were performed. For example, from approximately July 9, 2009, to July 24, 2009, and again from approximately December 16, 2009, to January 5, 2010, LOPEZ submitted and caused to be submitted claims to Medicare and Medicaid for physical therapy services purportedly performed by him and under his supervision when, in fact, LOPEZ was outside the United States during those periods of time.

14. To conceal the fraudulent scheme, the defendant CONRADO DIZON LOPEZ, JR., together with others, made false entries in patient medical files concerning the nature of the services provided, the medical necessity of those services, and the identity of the rendering provider of those services. For example, from approximately July 9, 2009 to July 24, 2009, and again from approximately December 16, 2009, to January 5, 2010, LOPEZ signed patient charts falsely indicating that he had supervised and performed physical therapy services on patients when, in fact, LOPEZ was outside the United States during these periods of time.

15. Between approximately March 2009 and November 2011, providers at Total Rehab submitted and caused to be submitted approximately $9.8 million in claims to Medicare and approximately $8.6 million in claims to Medicaid. During approximately that same period, the defendant CONRADO DIZON LOPEZ, JR., was identified as the rendering provider on claims submitted to Medicare totaling approximately $1.8 million and on claims submitted to Medicaid totaling approximately $1 million.

5

## COUNT ONE
(Health Care Fraud Conspiracy)

16.     The allegations contained in paragraphs 1 through 15 are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between March 2009 and November 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CONRADO DIZON LOPEZ, JR., together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud Medicare and Medicaid, health care benefit programs, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicaid, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Health Care Fraud)

18.     The allegations contained in paragraphs 1 through 15 are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between March 2009 and November 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CONRADO DIZON LOPEZ, JR., together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicare and Medicaid, health care benefit programs, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under

6

the custody and control of, Medicare and Medicaid, in connection with the delivery of and

payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNT THREE
(False Statements Relating to Health Care Matters)

20.     The allegations contained in paragraphs 1 through 15 are realleged and

incorporated as if fully set forth in this paragraph.

21.     In or about and between March 2009 and November 2011, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant CONRADO DIZON LOPEZ, JR., together with others, in matters involving one

or more health care benefit programs, including Medicare and Medicaid, did knowingly and

willfully (a) falsify, conceal and cover up by trick, scheme and device material facts, and (b)

make materially false, fictitious and fraudulent statements and representations, and make and

use materially false writings and documents knowing the same to contain materially false,

fictitious and fraudulent statements and entries, in connection with the delivery of and

payment for health care benefits, items and services, in that the defendant falsely altered

original medical records and made false and misleading statements concerning services

provided to Medicare and Medicaid beneficiaries.

(Title 18, United States Code, Sections 1035(a)(1), 1035(a)(2), 2 and 3551 et

seq.)

## COUNTS FOUR THROUGH SEVEN
(False Claims)

22.     The allegations contained in paragraphs 1 through 15 are realleged and

incorporated as if fully set forth in this paragraph.

23.     In or about and between March 2009 and November 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CONRADO DIZON LOPEZ, JR., did knowingly and intentionally make and present claims upon and against an agency of the United States, to wit: the United States Department of Health and Human Services, knowing such claims to be false, fictitious and fraudulent.  Specifically, the defendant caused claims for physical therapy services to be submitted to Medicare and Medicaid in which he was identified as the rendering provider during a time when he was in fact not in the United States, as set forth below:

| Count | Beneficiary | Services Billed | Date of Service | Amount Billed | Claim Number |
|-------|-------------|-----------------|-----------------|---------------|--------------|
| FOUR | V.G., an individual whose identity is known to the Grand Jury | Physical Therapy Services | 12/23/2009 | $105.80 | 751809362715220 |
| FIVE | D.G., an individual whose identity is known to the Grand Jury | Physical Therapy Services | 12/23/2009 | $105.54 | 751809362715250 |
| SIX | V.G., an individual whose identity is known to the Grand Jury | Physical Therapy Services | 12/29/2009 | $105.54 | 751810005375780 |

| Count | Beneficiary | Services Billed | Date of Service | Amount Billed | Claim Number |
|-------|-------------|-----------------|-----------------|---------------|--------------|
| SEVEN | D.G., an individual whose identity is known to the Grand Jury | Physical Therapy Services | 12/29/2009 | $124.85 | 751810005375770 |

(Title 18, United States Code, Sections 287, 2 and 3551 et seq.)

COUNT EIGHT
(Falsification of Records)

24.     The allegations contained in paragraphs 1 through 15 are realleged and incorporated as if fully set forth in this paragraph.

25.     In or about and between March 2009 and November 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CONRADO DIZON LOPEZ, JR., together with others, did knowingly alter, conceal, cover up, falsify and make false entries in a record, document and tangible object, specifically records relating to the treatment of Medicare and Medicaid beneficiaries, with the intent to impede, obstruct and influence the investigation and proper administration of such matters within the jurisdiction of a department and agency of the United States, specifically, the Department of Health and Human Services, and in relation to and contemplation of any such matter and case.

(Title 18, United States Code, Sections 1519, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## COUNTS ONE THROUGH EIGHT

26.    The United States hereby gives notice to the defendant charged in Counts One through Eight that, upon his conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offenses.

27.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code Section 982(a)(7); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

WILLIAM J. STELLMACH
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F. #2014R01980

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*CONRADO DIZON LOPEZ, JR.,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 287, 982(a)(7), 982(b),1035(a)(1), 1035(a)(2), 1347,
1349, 1519, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
                                                                    *Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
                                                                    *Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _

_____

*F. Turner Buford, Trial Attorney (718) 254-6483 / Bryan D. Fields, Trial Attorney (718) 254-6033*